T.C. Summary Opinion 2003-89


UNITED STATES TAX COURT


TAYLOR BRINSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9846-02S.                    Filed July 16, 2003.


Taylor Brinson, pro se.

John W. Sheffield, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $4,507 in petitioner's

---

[1]  Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue.

2000 Federal income tax.  The issues are whether petitioner is entitled to (1) dependency exemption deductions for his minor niece and nephew (the children), (2) an earned income credit (EIC) for the children, and (3) head of household filing status. Petitioner resided in Thomson, Georgia, at the time the petition was filed.

The facts may be summarized as follows.  During the taxable year 2000, petitioner resided in a house owned by his parents. The house was owned free and clear of any mortgage.  It was occupied by his parents, the children, a sister (not the mother of the children), and petitioner.  The local probate court decreed that petitioner's parents were the legal guardians for the children.  According to petitioner, his parents, his sister, and he had separate apartments, but all the utilities for gas, electric, and water were billed as one unit.  Petitioner did not pay rent for the apartment he occupied, rather, he paid a portion of the utility bills for the entire house.

Petitioner's mother received welfare payments of approximately $110 per month for each child.  Petitioner's father received Social Security benefits of approximately $1,200 per month or $14,400 per year.  Petitioner did not know whether his parents had any other income.  The Social Security benefits were greater than petitioner's annual income.  With regard to the total support for the children, petitioner testified that he

"really couldn't say a certain amount."  Petitioner also produced no records and does not know the amount of support that he provided for the children.

In preparing his 2000 Federal income tax return, petitioner claimed, with respect to the children, two dependency exemption deductions and an EIC based on the children's being his foster children, and used head of household filing status.  Respondent disallowed the dependency exemption deductions and the EIC. Respondent also determined that petitioner's proper filing status was single.

Dependency Exemption Deductions

Petitioner argues that he is entitled to claim dependency exemption deductions with respect to the children.  Generally, sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a minor dependent if the taxpayer provides more than half of the support for the minor dependent. A son or daughter of a taxpayer's sister is included in the definition of a dependent.  Sec. 152(a)(6).  The sole issue with regard to the dependency exemption deductions claimed by petitioner is whether petitioner has established that he provided more than half of the support for the children.[2]

---

[2]  Sec. 7491 dealing with the burden of proof has no application to this case because petitioner has not satisfied the requirements of sec. 7491(a).

It is axiomatic that in order to establish that petitioner provided more than half of the support of the children, he must establish the amount of the children's total support and the amount of support that he provided. Here, petitioner has satisfied neither of these prerequisites. Even if we assume that petitioner paid the utilities, he has not shown that that amount constituted more than half of the children's support. We sustain respondent's disallowance of the dependency exemption deductions.

EIC

Section 32(a) generally provides eligible individuals with an EIC against their income tax liability. An "eligible individual" is defined as any individual who has a "qualifying child". Sec. 32(c)(1)(A)(i). A qualifying child includes "an eligible foster child of the taxpayer." Sec. 32(c)(3)(B)(i)(III). As relevant herein, an eligible foster child may be, inter alia, a descendant of a brother or sister of the taxpayer. Sec. 32(c)(3)(B)(iii)(I). Section 32(c)(3)(B)(iii) further provides that the taxpayer must care for the foster child "as the taxpayer's own child" and the foster child must have "the same principal place of abode as the taxpayer for the taxpayer's entire taxable year." While there is some doubt as to when the children came to the house in which petitioner resided, we are willing to assume that he did share the same abode with the children for the 2000 taxable year.

Nonetheless, we are not willing to assume that he cared for the children as if they were his own children. The fact of the matter is that petitioner's parents were the legal guardians of the children, and according to a Temporary Letters of Guardianship issued by the Probate Court it was their duty "to see that the ward is adequately fed, clothed, sheltered, educated and cared for, and that the ward receives all necessary medical attention." While we recognize that petitioner performed some of these duties, e.g., getting the children to school and, on occasion, picking them up from school, petitioner's parents were, in fact, the foster parents of the children. We, therefore, sustain respondent's determination with respect to the EIC.

Head of Household Filing Status

Petitioner claims that he maintained, as his household, the principal place of abode of the children, and, therefore, is entitled to use the head of household filing status. Section 2(b) provides the requirements for head of household filing status. To qualify as a head of a household a taxpayer must (a) be unmarried at the end of the taxable year, (b) not be a surviving spouse, and (c) maintain as the taxpayer's home a household that constitutes the principal place of abode of a dependent for whom the taxpayer is entitled to claim a deduction under section 151. Sec. 2(b)(1)(A)(ii). As we have already decided that petitioner is not entitled to claim the children as

his dependents, we sustain respondent's determination with respect to this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.